# United States Bankruptcy Court
## Northern District of Ohio

In re: **James R Majewski / Nichole R Majewski**, Debtor(s)

Case No. **09-36626**
Chapter **13**

## CHAPTER 13 PLAN - AMENDED

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,811.00** per month for **60** months.

   Total of plan payments: **$108,660.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee: **10.00**%
      (2) Attorney's Fee (unpaid portion): **$700.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion): **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment: **-NONE-**

    (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Chrysler** | **2008 Dodge Avenger** | **695.40** |
| **Fifth Third Bank** | **2007 Dodge Nitro** | **1,024.80** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

    (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Chrysler** | **19,872.00** | **687.25** | **5.25%** |
| **Fifth Third Bank** | **25,353.13** | **876.81** | **5.25%** |
| **Hsbc/Rs** | **500.00** | **16.13** | **0.00%** |
| **Kay Jewelers** | **500.00** | **16.13** | **0.00%** |

    (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **25** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

6. The Debtor shall make regular payments directly to the following creditors:

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
   |---|---|---|---|
   | **-NONE-** | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **1st Source B** | **75,000.00** | **Single Family Home at 118 W. Main St. Oak Harbor, Ohio 43449** |
   | **Hsbc/Kawas** | **7,000.00** | **Kawasaki jet ski** |
   | **Ntl Bk Oakhb** | **0.00** | **Single Family Home at 118 W. Main St. Oak Harbor, Ohio 43449** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **Jet Ski will be surrendered for full and final satisfaction of the debt.**
    **Residence will be surrendered for full and final satisfaction of the debt.**
    **Debtors assume the verizon wireless cell phone contract expiring 12/20/2009**
    **Debtors assume the verizon wireless cell phone contract expiring 01/28/2010**
    **Debtors will contribut their tax refunds for the calendar years of 2009, 2010, 2011, 2012 and 2013 which will likely increase the plan into the 30% range.**

Date **October 30, 2009**     Signature   **/s/ James R Majewski**
                                          **James R Majewski**
                                          Debtor

Date **October 30, 2009**     Signature   **/s/ Nichole R Majewski**
                                          **Nichole R Majewski**
                                          Joint Debtor

# United States Bankruptcy Court
## Northern District of Ohio
### Western Division

| | | | |
|---|---|---|---|
| In re | James Majewski<br>Nichole Majewski | Case No. | **09-36626** |
| | Debtor(s) | Chapter | 13 |
| | | Judge | Whipple |

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

**Chapter 13 Plan**

I declare under penalty of perjury that I have read the foregoing *Amended Chapter 13 Plan* and that it is true and correct to the best of my knowledge, information and belief.

Date: October 30, 2009
/s/ James Majewski
/s/ Nichole Majewski
James and Nichole Majewski, Debtors


## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

1st Source B
100 N Michigan St P O Box 149
South Bend, IN 46601


Acs/Dept Of Ed
501 Bleecker St
Utica, NY 13501


Acs/Wachovia
501 Bleecker St
Utica, NY 13501

Allied Waste Services
4005 Tiffin Avenue
Sandusky, OH 44870


Ar Resources
1777 Sentry Pkwy West
Blue Bell, PA 19422


Bank Of America
Po Box 17054
Wilmington, DE 19850


Bill Me Later
PO Box 2394
Omaha, NE 68103-2394


Cap One
Pob 30281
Salt Lake City, UT 84130


Carecrd/Gemb
Po Box 981439
El Paso, TX 79998


Chase
800 Brooksedge Blv
Westerville, OH 43081


Chase Student Ln Servi
Po Box 6004
Ridgeland, MS 39158


Chrysler
27777 Franklin Rd
Southfield, MI 48034-2337


Citifinancial
Po Box 499
Hanover, MD 21076

Columbia Gas
Revenue Recovery
200 Civic Center Drive
Columbus, OH 43215


Everst University
C/O Corinthian Colleges, Inc
Attn: Financial Services
PO box 25117
Santa Ana, CA 92799


Fifth Third Bank
Fifth Third Center
Cincinnati, OH 45263


Gemb/Dillard
Po Box 981471
El Paso, TX 79998


Hsbc/Kawas
Pob 15521
Wilmington, DE 19805


Hsbc/Rs
90 Christiana Rd
New Castle, DE 19720

James & Nichole Majewski
1547 Latcha Rd
Millbury , OH 43447

John P. Gustafson
316 N. Michigan Street
Toledo Bldg. # 501
Toledo, OH 43624


Kay Jewelers
375 Ghent Rd
Akron, OH 44333



Ntl Bk Oakhb
147 W Water
Oak Harbor, OH 43449

Office of the U.S. Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114


Sallie Mae
1002 Arthur Dr
Lynn Haven, FL 32444


Sallie Mae
11100 Usa Parkway
Fishers, IN 46038


Village of Oak Harbor
Utilities Department
146 N. Church Street
Oak Harbor, OH 43449-0232


Wfnnb/Vctria
Po Box 182128
Columbus, OH 43218


| Date: | October 30, 2009 | /s/ Adrienne M. Hines |
|---|---|---|
| | | **Adrienne M. Hines 0067248** |
| | | Attorney for Debtor(s) |
| | | **Calhoun, Kademenos, & Childress, Co. L.P.A.** |
| | | **502 W. Washington St.** |
| | | **Sandusky, OH 44870-2241** |
| | | **(419) 625-7770 Fax:(419) 525-9476** |
| | | **lauriet@ckhlaw.com** |